

# NUMBER 13-19-00311-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF BROWNSVILLE, TEXAS,
TONY MARTINEZ, ROSE M. Z. GOWEN,
RICARDO LONGORIA JR., JOEL MUNGIA,
BEN NEECE AND JESSICA TETREAU,
IN THEIR OFFICIAL CAPACITIES ONLY,                    Appellants,

v.

BROWNSVILLE GMS, LTD. AND
MICHAEL BENNETT,                    Appellees.

On appeal from the 445th District Court
of Cameron County, Texas.



# NUMBER 13-19-00393-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

CESAR DE LEON,                                                   **Appellant,**

**v.**

BROWNSVILLE GMS, LTD. AND
MICHAEL BENNETT,                                     **Appellees.**

### On appeal from the 445th District Court
### of Cameron County, Texas.

# ORDER OF ABATEMENT
**Before Justices Benavides, Hinojosa, and Tijerina**
**Order Per Curiam**

In cause number 13-19-00311-CV, appellants City of Brownsville, Texas, Tony Martinez, Rose M. Z. Gowen, Ricardo Longoria Jr., Jessica Tetreau, Joel Munguia, and Ben Neece, in their Official Capacities (hereafter "City" or "Appellants"), have appealed an order granting a temporary injunction in favor of appellee Brownsville GMS, Ltd. and its general manager, Michael Bennett (collectively referred to as GMS). *See* TEX. CIV.

PRAC. & REM. CODE ANN. § 51.014(a)(4). In cause number 13-19-00393-CV, appellant Cesar De Leon, a former City Commissioner for the City of Brownsville (City), appeals an order denying his motion to dismiss the claims made against him in his individual capacity based on the election of remedies provision of the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106.

These cases arise from the same factual background and, based on our review of the briefs, present some of the exact same issues on appeal. In cause number 13-19-00311-CV, appellants have caused to be filed, inter alia, a two-volume clerk's record and a first supplemental clerk's record. In cause number 13-19-00393-CV, appellant has caused to be filed a three-volume clerk's record, a two-volume first supplemental clerk's record, and a second supplemental clerk's record.

In cause number 13-19-00393-CV, a pleading entitled "Defendant Cesar De Leon's Motion to Dismiss Individual Claims," which is included in the third volume of the clerk's record and the first volume of the two-volume first supplemental clerk's record, references two exhibits—Exhibit A, identified in the motion as Article V of the Charter for the City of Brownsville, and Exhibit B, identified in the motion as excerpts from De Leon's deposition. However, the Exhibit B that is actually included in these records consists of an additional copy of Article V of the Charter. The records fail to include the deposition excerpts which are identified in the motion as Exhibit B.

The Clerk of this Court has the ability to consult with the parties regarding the contents of the clerk's record and can inform the trial court clerk of a defect or inaccuracy in the clerk's record. *See* TEX. R. APP. P. 34.5(d),(h). However, in this situation, the Court cannot determine whether the clerk's record is defective or inaccurate and whether or not

3

the referenced Exhibit B was presented to and filed with the trial court. Accordingly, we ABATE and REMAND these causes to the trial court for a determination regarding whether the clerk's records correctly reflect what was filed in the trial court or whether the records are defective or inaccurate.

Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine whether the clerk's records are complete and accurate. The trial court shall determine what steps are necessary to ensure the prompt preparation of complete and accurate clerk's records and shall enter any orders required to avoid further delay and to preserve the parties' rights. If a filing designated for inclusion in the clerk's record has been lost or destroyed and the parties cannot agree, by written stipulation, for a copy of that item to be included in a supplemental record, the trial court shall determine what constitutes an accurate copy of the missing item and order it to be included in the a supplemental clerk's record. *See id.* R. 34.5(e). The trial court shall prepare and file its findings and orders and cause them to be included in a supplemental clerk's record which should be submitted to the Clerk of this Court within thirty days from the date of this order.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
21st day of December, 2020.

4